# CIRCUIT COURT OF ROCKINGHAM COUNTY

R. Keith Richards et al.

v.

Mary Lantz Maiden et al.

December 29, 2000

Case No. CH99-17404

BY JUDGE ROBERT P. DOHERTY, JR.

Testatrix was survived by four adult children, both natural and adopted, and three infant grandchildren. The residuary clause of her will created a trust fund for the education of her grandchildren, using the following language:

> I hereby give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, of every nature, and wherever situate to my grandchildren, to be held in trust by my son, Thomas H. Lantz, and my daughter-in-law, Becky Lantz, and used for the educational benefit of all of my grandchildren.

The Executor filed a Bill of Complaint on behalf of himself and the Trustees, asking the Court to construe the educational trust. The Executor, the Trustees, and the Guardian ad litem for the living infant grandchildren argue that it was the intent of the Testatrix to provide trust benefits only for her now living grandchildren. They believe that the Court merely needs to fix a termination date for the trust. The Guardian ad litem for any unknown and any unborn grandchildren claims, and the Court agrees, that the trust is void as it violates the rule against perpetuities.

## Rule Against Perpetuities

Upon the evidence presented *ore tenus*, and upon having had the opportunity to observe the demeanor of the witnesses and to weigh their testimony accordingly, the Court finds that the language of the will is clear and unambiguous. The Testatrix intended to provide funds for the education of her present and future born grandchildren. Her method of doing so violated the rule against perpetuities, and therefore failed.

The interest given by the Testatrix to her grandchildren in her testamentary trust is an executory interest. This is so because an interval of time is required to lapse before vesting becomes possible. See *Minor on Real Property*, 2d ed., vol. 1, § 782, pp. 1018, 1019. "Any executory interest which, by possibility, may not take effect until after lives in being and twenty-one years and ten months, is *ipso facto* and *ab initio* void. In other words, the executory interest is void for remoteness if at its creation there exists a *possibility* that it may not take effect during any fixed number of now existing lives, nor within twenty-one years and ten months after the expiration of such lives, even though it is highly probable, or, indeed, almost certain, that it will take effect within the time prescribed." *Burrus v. Baldwin*, 199 Va. 883, 887 (1958). The reference to the "interest taking effect," is the same as saying the interest vests.

Under the facts of this case it is possible that present grandchildren, or future grandchildren yet to be born, may not, either voluntarily or involuntarily, begin receiving education that requires funding from the trust until after the lapse of a life in being plus twenty-one years and ten months. The receipt of those funds are what causes the vesting, and not the birth of a grandchild into the class of beneficiaries. "A contingent gift to a class must be so limited as to vest, if at all, in each member of the class within the period prescribed, or the gift will fail as to the whole class." *Burrus v. Baldwin*, at page 889, quoting from *Minor on Real Property*, 2d ed., vol. 1, § 824, pp. 1065, 1066. Under the facts of this case the possibility exists of a failure of vesting with any member of the class, thus the entire gift fails and the trust becomes void *ab initio*.

## Disposition of Trust Corpus

But for the saving provision of the 1982 version of § 55-13.3, Code of Virginia (1950), as amended, which was in effect at all times pertinent to this case, upon the failure of the trust, its corpus would have reverted to the decedent's estate and been distributed as intestate property, in accordance with

§ 64.1-11. Instead, in cases such as this, § 55-13.3 empowers the Court to dispose of the proceeds "in a manner which most closely effectuates the transferor's manifested plan of distribution, which is within the limits of the rule against perpetuities."

Having viewed the evidence, the appearance of the witnesses, their manner of testifying, their truthfulness and their interest in the outcome of the case, the Court finds that it was the transferor's manifest plan of distribution that all of the funds left in the residuary of her estate be used to provide, based on need and not equality, for the future education of as many of her grandchildren as possible. Accordingly, the Court directs that:

1. Thomas H. Lantz and Becky Lantz shall become trustees of the Josephine W. Lantz Education Trust. The funds currently held by them shall be placed in this trust.

2. All of the grandchildren of the Testatrix, whether presently in being or hereafter born, shall become beneficiaries of the trust. Their interest in the trust vests immediately for the current grandchildren, and at their birth for the future born grandchildren. The amount of each beneficiarie's share will be determined as his or her school costs are progressively incurred.

3. The trust will terminate twenty-one years after the death of the last child of the Testatrix, or upon the depletion of its corpus, whichever first occurs, regardless of whether or not any or all of the grandchildren have received any benefits from the trust at the time of its termination. Any funds still remaining in the trust at its termination will be distributed, *per capita*, among the then surviving trust beneficiaries.

4. The trust funds will be used to pay any necessary private grade school or high school tutoring needed by any of the beneficiaries, in order for them to ultimately complete grade school and high school in the public school system. The funds may not be used for private grade or high school costs.

5. The funds may also be used to provide the usual and normal costs of room and board on a college campus, college, post graduate, or vocational school tuition, and related expenses payable to the school, college, or post graduate school. The funds shall not be used for living expenses off the school or college campus, travel or automobile costs, clothing, spending money, supplies, computers, or equipment.

6. All expenditures shall be at the discretion of the Trustees, who are admonished not to abuse that discretion.

7. The payments shall be based on the specific needs of the individual beneficiary, without any requirement of equality with the other beneficiaries.

8. The Trustees shall make prudent investments of the trust corpus, and report annually to the Commissioner of Accounts as any other fiduciary.

9. Upon their qualification before the Clerk of the Circuit Court for the County of Rockingham, the Trustees shall post bond, with corporate surety, in the amount of $150,000.00.

## Attorney's Fees and Costs

The Court fixes the attorney's fee of Thomas H. Howell, Guardian ad litem for the unknown grandchildren, at $3,100.00, which fee includes his services for reviewing this letter opinion and for reviewing and endorsing the final decree in this matter. The Court fixes the attorney's fees of Timothy E. Cupp, Guardian ad litem for the known grandchildren, at $2,350.00, which fee includes his services for reviewing this letter opinion and for reviewing and endorsing the final decree in this matter. Each of these fees shall be paid from the trust corpus by the trustees, in a timely manner. The Court finds that the attorney for the Plaintiffs shall not receive a fee or reimbursement of costs from the trust or from the decedent's estate for his services rendered in this chancery cause.